**McFALL, Plaintiff-Appellant, v. CONNER, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 6097.   Decided July 14, 1959.

Lucas, Lucas, Prendergast & Albright, Robert E. Albright, Arthur J. Prendergast, Jr., of Counsel, Columbus, for plaintiff-appellant.

Jenkins, Williams, Wendt, Murray & Deeg, Gordon E. Williams, of Counsel, Columbus, for defendant-appellee.

(GRIFFITH, J, of the Seventh District, sitting in the Tenth District.)

## OPINION

By DUFFY, J.

This is an appeal on questions of law from an action begun in the Common Pleas Court of Franklin County.

In her amended petition, plaintiff-appellant set forth two causes of action, the first being for damages by reason of personal injuries growing out of a collision between the defendant's automobile and the automobile of plaintiff's husband.

The second cause of action prayed that a purported release obtained by an agent of the defendant be set aside and held for naught, as the purported release was obtained through fraud and misrepresentation and without adequate consideration and as a result of mistake, the mistake being that plaintiff was unaware that the document signed by her was a release as to her injuries, as she believed it to relate only to damages to her husband's automobile.

The case was heard by the court, a jury having been waived. After the presentation of all of the evidence, the court found that the plaintiff had failed to prove by the required degree of proof that the release obtained by the defendant from the plaintiff was obtained through fraud and misrepresentation without adequate consideration and as a result of mistake. The court sustained the motion of the defendant to dismiss the second cause of action and found that the first cause of action could not be maintained for the reason that the release executed by the plaintiff constituted a full accord, satisfaction, and discharge of any and all claims which the plaintiff had or claimed to have had as a result of the accident. The court entered final judgment in favor of the defendant.

It is the plaintiff's contention that the fact situation here is one which permits a distinction between fraud in the factum and fraud in the inducement and that while the trial court apparently considered her failure to read the release as indicating that she did not understand that she was signing a release, it is really her contention that she was told that the release she was signing was for damages to the automobile owned by her husband and that her signature to the release was necessary to settle for those damages.

Appellant admits that the release signed was a release of all her rights arising out of the accident and that the appellee's agent knew full well that it was a release of all rights of the appellant and that she was induced by the representative to sign, which was a mistake because her signature was not necessary to a settlement of the damages to her husband's car.

It is apparent that the settlement talk among the parties revolved around the damages to the automobile, but it is not clear that the appellee's agent told the appellant at any time that the release was only for property damage to her husband's car. From the record we can only assume that she believed this was so because that was the only discussion had with the agent, she not realizing at the time that she had received any injuries as the result of the accident.

The Supreme Court of Ohio, in the case of McCuskey v. Budnick, 165 Oh St 533, stated:

"A person of ordinary mind cannot say that he was misled into signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed."

In so stating, the court approved the first paragraph of the syllabus

of the case of **Dice v. The Akron, Canton & Youngstown Rd. Co., 155 Oh St 185, 98 N. E. (2d), 301.**

From the fact situation in this case, we do not feel that, as a matter of law, there was fraud in the inducement. The trial court, having observed the witnesses, came to the conclusion that the evidence failed to prove by the required degree of proof that the release was obtained through fraud and misrepresentation without adequate consideration and as a result of mistake. The judgment will therefore be affirmed.

BRYANT, PJ, GRIFFITH, J, concur.